**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| LISA PARKER, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GEOFFREY PARKER, AND AS NEXT FRIEND OF EVELYNNE ROSE PARKER AND SLADE CHRISTOPHER PARKER, MINORS, JO ANN STARKEY AND JERRY STARKEY<br>   Plaintiffs | § § § § § § § § § | |
| vs. | § § | Civil Action No. _____ |
| PACCAR, INC.,<br>   Defendant | § § § | JURY TRIAL REQUESTED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME**, Plaintiffs in the above-entitled and numbered cause, and files this Plaintiffs' Original Complaint, and for their causes of action would show the Court the following:

**1.00   PARTIES**

1.01   Plaintiff Lisa Parker is the surviving spouse of Geoffrey Woodrow Parker, deceased.  At the time of the incident, Mrs. Parker was a resident of Nacogdoches County, Texas.  Lisa Parker is the legal parent of Evelynne Rose Parker and Slade Christopher Parker, minors, who were the legal children of Geoffrey Parker at the time of the incident made the basis of this suit.  Mrs. Parker is the administrator of the estate of Geoffrey Parker.

1.02.   Plaintiff Jo Ann Starkey is the biological mother of Geoffrey Woodrow Parker, deceased.  At the time of the incident, Mrs. Starkey was a resident of Anderson County, Texas.

1.03   Plaintiff Jerry Starkey is the adopted father of Geoffrey Woodrow Parker,

deceased. At the time of the incident, Mr. Starkey was a resident of Anderson County, Texas.

1.05 Paccar, Inc. ("Paccar") is a corporation organized under the laws of the State of Delaware with its principal place of business in the city of Bellevue, King County in the State of Washington, but who is doing business in the State of Texas. Service of process can be accomplished by serving its registered agent for the State of Texas, The Prentice-Hall Corporation, 701 Brazos St., Suite 1050, Austin, Texas 78701.

## 2.00 JURISDICTION AND VENUE

2.01 The amount in controversy, exclusive of interest and costs, is within the minimum jurisdictional limits of this Court.

2.02 Jurisdiction is proper in this Court as there is diversity of citizenship between the parties as provided by 28 U.S.C. § 1332(a).

2.03 Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 as the incident happened in Angelina County, Texas which is in the Lufkin Division.

## 3.00 STATEMENT OF FACTS

3.01 On Saturday, April 14, 2014, at approximately 10:30 p.m., Geoffrey Parker was driving a blue 2012 Peterbilt, VIN 1XPSD79X2CD166876 that was manufactured by Paccar (the "Truck"), in the southbound lane on US Highway 69 in Angelina County, Texas.

3.02 A bull was in Mr. Parker's lane of travel, Mr. Parker struck the bull, causing the truck and trailer to jackknife. The trailer uncoupled from the truck, causing the truck to roll to the left, coming to rest on the roof of the cab. As a result of the wreck, the cab's roof was severely crushed, killing Mr. Parker.

3.03 Although using the restraints provided, Mr. Parker suffocated to death as a result of the severe intrusion of the cab into the survival space.

**4.00    CAUSES OF ACTION AGAINST PACCAR, INC.**

    4.01    Negligence

At all times relevant to this cause of action, Paccar, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently in the design, manufacture, promotion, and/or distribution of the Truck and other vehicles similar to it. Paccar breached this duty, by and among other acts and/or omissions, designing, manufacturing, distributing, and promoting a vehicle with an inadequate rollover protection system; by failing to adequately test and/or inspect the design and manufacture of the roofs, and restraint systems of this and other similar vehicles, and by failing to warn users of its products of the known dangers to an occupant of this and similar vehicles in a rollover accident. The above-referenced acts and/or omissions, each individually and collectively, were proximate causes of the injuries sustained by Geoffrey Parker.

    4.02    Strict Liability

Paccar, by and through their employees, agents, representatives and vice principals, are the designers, manufacturers, distributors, promoters, and/or sellers of the Truck which, at the time it was designed, manufactured, distributed, promoted, and/or sold was a defective product, unreasonably dangerous to potential customers and/or users in that it lacked an adequate rollover protection system. The Truck was in substantially the same defective condition on April 14, 2014 as it was when Paccar placed it into the stream of commerce. The defective condition of the vehicle and/or the failure of Paccar to warn of this condition rendered the vehicle unreasonably dangerous and was the producing cause of injuries to Geoffrey Parker.

    4.03    <u>Gross Negligence</u>

Plaintiffs further allege the conduct of Paccar, by and through vice-principals, as described above; constitute gross negligence, as those terms are defined by Texas law. That is, when viewed objectively from the standpoint of Paccar and their vice-principals, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Paccar and their vice-principals had an actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

**5.00    DAMAGES**

    5.01    As a proximate result of the above-described acts and/or omissions on the part of the Defendants, themselves, by and through its vice principals, agents, employees, and representatives, Plaintiffs have sustained damages as a result of the wrongful death of Geoffrey Parker as follows:

        A.    Past and future Pecuniary Loss.

        B.    Past and future Loss of Companionship and Society.

        C.    Past and future Mental Anguish.

    5.02    As a proximate result of the above-described acts and/or omissions on the part of the Defendants, jointly and severally, by and through their vice principals, agents, employees, and representatives, Plaintiffs have sustained damages as follows:

        A.    Pain and Mental anguish suffered by Geoffrey Parker.

        B.    Funeral and Burial Expenses.

5.03 Punitive damages: Plaintiffs are entitled to recover punitive damages against the Defendants in an amount that is sufficient to punish the Defendants and to deter others similarly situated from engaging in such unconscionable conduct.

5.04 The amount of damages incurred by the Plaintiffs is well above the minimum jurisdictional limits of this Court.

## 6.00 PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendant be cited to appear and answer these allegations and that upon final hearing of this matter, Plaintiffs have judgment of and from the Defendants as follows:

- A. For all past and future damages;
- B. For punitive damages;
- C. For all costs of court allowed by the Texas Rules of Civil Procedure and/or deemed appropriate by the Court;
- D. For pre-judgment and post-judgment interest at the applicable legal rate; and
- E. For such other and further relief, both general and special, at law and equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**GUAJARDO & MARKS, LLP**

/s/ J. Gregory Marks
J. Gregory Marks
State Bar No.12994900
Michael G. Guajardo
State Bar No. 00784283
One Galleria Tower
13355 Noel Road, Suite 1370
Dallas, Texas 75240
972-774-9800 Phone

972-774-9801 Fax
greg@guajardomarks.com
mike@guajardomarks.com

and

JEFFERSON B. DAVIS
State Bar No. 50511707
jeffersonbdavislaw@gmail.com
JEFFERSON B. DAVIS
118 E. Hospital Street, Suite #301
Nacogdoches, Texas 75961
Phone: (936) 564-5000
Fax: (936) 559-5000

**ATTORNEYS FOR PLAINTIFFS**