# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| LISA PARKER, et al., | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| V. | § | CASE NO. 9:15-CV-121 |
| | § | |
| PACCAR, INC., et al., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING AND ENTRY OF JUDGMENT

The Court has considered the magistrate judge's sealed *Report and Recommendation Regarding Settlement* [Doc. No. 36] in which he recommends that the undersigned accept and approve the terms of the parties' settlement agreement in this matter and enter judgment in the form proposed by the parties' Agreed Judgment, attached to the report. All parties have filed a Notice in which they waive their right to object to the magistrate judge's recommendation in an effort to expedite the entry of judgment in this case [Doc. No. 37, 39, 40].

The Court has considered the magistrate judge's recommendation and the parties' confidential settlement documents. The Court **ORDERS** that the *Report and Recommendation Regarding Settlement* [Doc. No. 36] is **ADOPTED**. The Court **approves** the parties' confidential settlement agreement, releases, and payment schedule submitted under seal in this case [Doc. No. 34, 35, 36]. The Court also enters judgment as requested by the parties and recommended by the magistrate judge as follows:

On this day, came on to be heard the above-styled and numbered cause wherein appeared Plaintiffs Lisa Parker, Individually, as Representative of the Estate of Geoffrey Parker, Deceased, and as Next Friend of Evelynne Rose Parker and Slade Christopher Parker, Minors, by and through

their Guardian Ad Litem, Noel Cooper; Jo Ann Starkey; and Jerry Starkey ("Plaintiffs"), and Defendant PACCAR Inc, including its Peterbilt Motors Company division ("Defendant"), and the above parties having waived a jury, it was announced to the Court that an agreement for settlement of all matters in controversy between Plaintiffs and Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release in their respective capacities as set out above has been reached, subject to the approval of the Court; and

It further appears to the Court that Plaintiffs and Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release desire to compromise and settle their dispute, but recognize that damages have been incurred and have accrued in the past and that damages will be incurred and will accrue in the future; and

It appears to the Court that the total settlement is in consideration of all of the above Plaintiffs' damages with respect to the claims of Plaintiffs against Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release both past and future, and the payment is in recognition of the fact that these damages have, in fact, partially accrued in the past and will continue to accrue in the future; and

It further appears to the Court that an agreement for settlement has been reached by Plaintiffs and Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release, subject to the approval of the Court. The terms of this agreement provide for payment as described in a payment schedule submitted and filed separately under seal with the magistrate judge's report [Doc. No. 36] and in the Confidential Settlement Agreement and Release which is incorporated by reference as if fully set forth herein in full and final settlement and the release of all past and future claims, demands, and causes of action that have been held or may now

or in the future be owned or held by or on behalf of Plaintiffs, including, without limitation, those for wrongful death, survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, disfigurement, limitation of activities, loss of enjoyment of life, loss of earnings, loss of earning capacity, loss of consortium, loss of companionship, loss of inheritance, burial expenses, funeral expenses, subrogation, pecuniary losses, workers' compensation benefits paid, and/or other losses, psychiatric or psychological expenses, doctors' fees, hospital expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident in question, which occurred on or about April 14, 2014 in Angelina County, Texas; and

In consideration of the release set forth herein, Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release agree to pay the sums as described in the payment schedule filed separately under seal and in the Confidential Settlement Agreement and Release, which are incorporated by reference as if fully set forth herein; and

It further appears to the Court that the terms of said Confidential Settlement Agreement and Release provide that Plaintiffs will pay all fees due to Plaintiffs' attorneys from the settlement amounts set forth in the payment scheduled filed separately herein under seal and in the Confidential Settlement Agreement and Release. Plaintiffs' attorneys acknowledge and agree that Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release shall bear no responsibility for payment of Plaintiffs' attorneys' fees; and

It further appears to the Court that under the terms of the Confidential Settlement Agreement and Release, Plaintiffs are responsible for any and all potential or future tax liabilities. Plaintiffs and

Plaintiffs' attorneys acknowledge and agree that Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including the Estate of Geoffrey W. Parker, Deceased, which may in any way be related to the accident in question or the Confidential Settlement Agreement and Release; and

It further appears to the Court that the terms of said Confidential Settlement Agreement and Release provide that the settlement, subject to the approval of the Court, is to be considered a full and final settlement of and a complete release, discharge and bar to all claims, demands, controversies, actions or causes of action by or on behalf of Plaintiffs, including the Estate of Geoffrey W. Parker, Deceased, against Defendant, and its employees, agents, servants, dealers, related entities, parent companies, subsidiaries, legal representatives, directors, shareholders, members, officers, insurers, heirs, successors and assigns, and all persons, firms, organizations or entities in privity with or affiliated with the foregoing (even if such persons or entities are not specifically named in the Confidential Settlement Agreement and Release), for any and all actual damages, including but not limited to, wrongful death, survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, disfigurement, limitation of activities, loss of enjoyment of life, loss of earnings, loss of earning capacity, loss of consortium, loss of companionship, loss of inheritance, burial expenses, funeral expenses, subrogation, pecuniary losses, workers' compensation benefits paid, and/or other losses, including exemplary damages, and/or treble damages, psychiatric or psychological expenses, doctors' fees, hospital expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which

4

have arisen, or may arise, as a result of the accident in question, which occurred on or about April 14, 2014 in Angelina County, Texas. Plaintiffs, including the Estate of Geoffrey W. Parker, Deceased, by and through their representatives, understand and agree that the Confidential Settlement Agreement and Release may be pled as an absolute and final bar to any and all suits, claims, actions or causes of action released by the Confidential Settlement Agreement and Release; and that all releases that pertain to the liability of the aforementioned parties, persons and/or entities shall become final, irrevocable and absolute upon the signing of the Confidential Settlement Agreement and Release; and

It further appears to the Court that the duly licensed attorney, Noel Cooper, has been appointed Guardian Ad Litem by the Court to represent the interests of Evelynne Rose Parker and Slade Christopher Parker, Minors. Said Guardian Ad Litem having asked for and received reasonable time to acquaint himself with the facts and the law herein and, after study and deliberation, has reported to the Court that, in his opinion, the agreement of settlement presented to the Court is fair, just and reasonable and in the best interests of Evelynne Rose Parker and Slade Christopher Parker, Minors, should be approved; and

It further appears to the Court that Lisa Parker, Individually, as Representative of the Estate of Geoffrey Parker, Deceased, and as Next Friend of Evelynne Rose Parker and Slade Christopher Parker, Minors; Jo Ann Starkey; and Jerry Starkey have executed and agreed to deliver a Confidential Settlement Agreement and Release as part of the settlement, and upon the Court's review of such Confidential Settlement Agreement and Release, that such Confidential Settlement Agreement and Release is in proper and appropriate form and will be executed and delivered by Evelynne Rose Parker and Slade Christopher Parker, Minors, by and through their Guardian Ad

Litem, Noel Cooper, with full authority and by Order of the Court, being in all things approved, as a part of the settlement in this case; and that said Confidential Settlement Agreement and Release need not be required to be filed of record with this Court; and

It is further understood by the parties that the Confidential Settlement Agreement and Release is subject to the approval of the Court; and

It further appearing to the Court that the agreement of settlement presented to the Court is FAIR, JUST AND REASONABLE and that the apportionment hereinafter ordered by the Court is FAIR, JUST AND REASONABLE and in the best interest of Evelynne Rose Parker and Slade Christopher Parker, Minors, and should be approved; and

The Court, having read the pleadings in this case and having heard full testimony, finds that there is a question as to liability in this case, and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, and the Court further finds from the evidence that such agreement of settlement is a compromise settlement agreement and is not an admission of liability on the part of Defendant or the other released persons or entities named in the Confidential Settlement Agreement and Release, and further, the Court is of the opinion that the agreement of settlement of the parties is just, fair and equitable and should be approved and said agreement is hereby **APPROVED**; and

It is further **ORDERED, ADJUDGED AND DECREED** by the Court that Plaintiffs do have and recover of and from Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release the total sum as described in the payment schedule filed separately herein under seal and in the Confidential Settlement Agreement and Release which is incorporated by reference as if fully set forth herein; and

It appears to the Court upon rendition of the foregoing judgment, that Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release have agreed to fully pay and discharge same in its entirety in the manner prescribed in this judgment, and in accordance with the provisions thereof, it is **ORDERED, ADJUDGED AND DECREED** by the Court that no execution issue on this judgment and that Defendant and the other released persons and entities named in the Confidential Settlement Agreement and Release be declared fully discharged from any liability under the provisions of this judgment and fully discharged from any liability based on any claims, demands or causes of action arising out of the accident in question as set forth herein above and that all such claims are **DISMISSED WITH PREJUDICE** ; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all attorneys' fees, litigation expenses or other such costs incurred by or on behalf of Plaintiffs, with the exception of the Guardian Ad Litem fees, shall be paid from the settlement proceeds as set forth in the Confidential Settlement Agreement and Release, and the Court having been advised of the attorneys' fees, litigation expenses and other costs incurred by or on behalf of Plaintiffs hereby approves them as fair and reasonable; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Guardian Ad Litem, Noel Cooper, for Minors Evelynne Rose Parker and Slade Christopher Parker, be hereby awarded a fee in the total amount of $10,000.00 for his services as Guardian Ad Litem. The said fee is to be paid by Defendant; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the amount of this settlement between Plaintiffs and Defendant and the other released persons and entities named in the

Confidential Settlement Agreement and Release shall remain confidential as agreed to by the parties in the Confidential Settlement Agreement and Release; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Agreed Judgment disposes of all claims against all parties and is a final judgment.

The Court retains jurisdiction to enforce any settlement. This constitutes a final judgment for appeal purposes. All court settings are **CANCELLED**. Finally, the Clerk is directed to **CLOSE** this case.

So **ORDERED** and **SIGNED** this **17** day of **November, 2016.**

_____
Ron Clark, United States District Judge